IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY L. SHROYER,           ) | No. C 07-4644 MJJ (PR) |
|                               ) | |
| Plaintiff,     ) | **ORDER OF DISMISSAL** |
|                               ) | |
| v.                            ) | |
|                               ) | |
| ALAMEDA COUNTY,               ) | (Docket No. 3) |
|                               ) | |
| Defendant.     ) | |
| _____ ) | |

    Plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that he was subject to strip searches at the Alameda County Jail.[1] He has applied for leave to proceed in forma pauperis.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b)(1),(2). Pro se

---

[1] On page one of his form complaint, plaintiff references a lawsuit that he calls the "Shaffer lawsuit," concerning strip searches in the county jail. Plaintiff states that the lawsuit provided that anyone who had been subjected to strip searches was to write a complaint to Alameda County. Plaintiff may seek any relief to which he is entitled under such lawsuit by filing such request in the case, or possibly by writing directly to Alameda County, but not by filing a separate § 1983 action in federal court.

G:\PRO-SE\MJJ\CR.07\shroyer.exh.wpd

pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement under § 1997e(a) is mandatory and not merely directory. Porter v. Nussle, 122 S. Ct. 983, 988 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, and whether they allege excessive force or some other wrong. Porter, 122 S. Ct. at 992.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120. Here, plaintiff states in his complaint that he has not exhausted any of the available administrative grievances because he has "been incarcerated (throughout this whole issue)." Complaint at 1-2. Exhaustion under the PLRA is not excused based on a plaintiff's incarcerated status; indeed, the exhaustion requirement applies to all lawsuits filed by prisoners. See 42 U.S.C. § 1997e(a). Section 1997e(a) requires that plaintiff complete all of his administrative appeals prior to raising his claims in a § 1983 complaint in federal court. See McKinney, 311 F.3d at 1199. As it is clear from the face of the complaint that plaintiff had not exhausted any of the administrative grievances available to him prior to filing the instant complaint, dismissal without prejudice is

G:\PRO-SE\MJJ\CR.07\shroyer.exh.wpd        2

1  appropriate.[2]

2  Accordingly, the above-titled action is hereby DISMISSED without prejudice to refiling after
3  all available administrative remedies have been completed.

4  Leave to proceed in forma pauperis is DENIED.

5  This order terminates Docket No. 3 and any other pending motions.

6  The Clerk shall close the file.

7  IT IS SO ORDERED.

8  DATED:  10/02/07

*[signature]*
MARTIN J. JENKINS
9  United States District Judge

---

[2] The Court notes that the right to be free from strip searches is limited.  There is no right to privacy in a prison cell, see Hudson v. Palmer, 468 U.S. 517, 526 (1984), and a prisoner may be subjected to strip searches and body cavity searches conducted in a reasonable manner, see Bell v. Wolfish, 441 U.S. 520, 561 (1979).  More recently, the Ninth Circuit has noted that such a right is very limited, see Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997) ("highly questionable" whether inmates have Fourth Amendment right to be free from routine unclothed searches or viewing of their unclothed bodies by officials of the opposite sex); Jordan v. Gardner, 986 F.2d 1521, 1524-25 (9th Cir. 1993) (en banc) (prior case law suggests inmates' legitimate expectations of bodily privacy "extremely limited"; privacy interest in freedom from cross-gender clothed body searches not "judicially recognized"), but it has continued to leave the door open for claims based upon egregious conduct on the part of prison officials, see Somers, 109 F.3d at 622 n.5 ("purposeful subjection of prisoners to verbal assaults during strip searches performed by officials of the other sex serves no administrative purpose and might present a question under the Fourth Amendment").

G:\PRO-SE\MJJ\CR.07\shroyer.exh.wpd          3